FROM RUTHERFORD.
The plaintiff had purchased a tract of land of the defendant at the price of $800, half of which was paid down, and to secure the balance a bond and mortgage of the same land was executed to the defendant. When the money thus secured became due, the defendant commenced an action on the bond, obtained a judgment, issued an execution, and had it levied upon the plaintiff's equity of redemption in the mortgaged premises. At the sale under this execution the sheriff gave notice that he offered the land for sale, subject to the defendant's mortgage. *Page 326 
(503) The defendant became the purchase for the sum of $298, which the sheriff credited on the execution. The defendant afterwards took measures to enforce the collection of the residue of his judgment from the plaintiff. The mortgaged premises had been sold as the property of the defendant. Upon these facts his Honor, retaining his original opinion, refused to set the nonsuit aside, and the plaintiff appealed.
I regret that there is no contract between the plaintiff and defendant, and therefore that this action cannot be sustained. The sheriff is between the parties and keeps them asunder.
But on the other question, I am not prepared to give an opinion. It is plain enough, when another creditor of the mortgagor sells the equity of redemption, what the rights of the mortgagor, mortgagee, and purchaser are. But when the mortgagee himself sells the mortgaged premises, not under his mortgage, but under an execution at law for the mortgage debt, a case is presented requiring much consideration before pronouncing judgment. On the one hand it seems contradictory in terms, that a sale should be made under execution, and yet the thing disposed of be sold subject to the very debt mentioned in the execution. It would amount to this: that equities of redemption may be sold at law by all creditors except the mortgagee for the mortgage debt. For if the mortgagor be entitled after the sale to an account, his equity is not in fact extinguished by the sale. Perhaps this would be the safest construction, that the mortgagee must proceed on his contract to foreclose, though the act seems as one of its objects to give him in this way a kind of legal foreclosure, instead of the more dilatory one in equity. Yet, on the other hand, that may produce the greatest hardship and appalling injustice to the debtor. If a sale at law between these parties be allowed at all, and a third person purchase, I do not know that it ought to be regarded as the sale of the equity of redemption merely; but as those having the whole legal and equitable interest are parties to the proceeding, the one as plaintiff (506) and the other as defendant in the execution, it may be taken as a sale of the estate out and out. It is true the mortgagee's legal title does not pass by the sheriff's deed, but the purchaser might call for it in equity, without paying any more than is his bid, since the mortgagee has had the full benefit of it. This, I suppose, is clear enough when the bid exceeds the mortgage debt. When it falls short of it, a difficulty arises. Upon the whole it seems to me to be a very nice *Page 327 
point, and not fit to be settled but in a case which will make it absoluetly [absolutely] necessary. Whatever may be the rights of the parties, they depend upon complicated equities, which can never be adjusted in a Court of Law; which is another reason why the plaintiffs here cannot recover. I concur fully in that; but as to the equitable demands of either party, I reserve myself altogether, until the question shall be directly made in a proper case, and then I will bestow on it my best reflection.